## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**B2B ROCKET, LLC**

        *Plaintiff*

                        **Case No: | DEMAND FOR JURY TRIAL**

        *v.*

**KALENDAR INC., AND, RAVI VADREVU INDIVIDUALLY**

        *Defendants.*

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

## COMPLAINT

Plaintiff B2B Rocket, LLC ("B2B Rocket"), by and through its attorneys, for its Complaint against Defendants Kalendar Inc. ("Kalendar") and Ravi Vadrevu individually ("Mr. Vadrevu") (collectively "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.  This is an action for (i) breach of contract, (ii) tortious breach of contract, (iii) breach of the implied covenant of good faith and fair dealing, (iv) tortious interference contractual relations, (v) tortious interference with prospective

1

economic advantage, (vi) unjust enrichment, (vii) fraud (actual and constructive) and deceit, (viii) willful and deliberate infringement of Plaintiff's copyrights in and to certain copyrighted content (the "Copyright Works") in violation of 17 U.S.C. §§ 101 *et. seq.* and 501 et. *seq.*, and (ix) defamation, as well as enumerated claims for an accounting, injunctive relief, and declaratory relief concerning Defendants' breach of a services agreement with B2B Rocket.

2.   B2B Rocket demands trial by jury of all issues in this case.

## JURISDICTION

3.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), as it involves a claim of willful copyright infringement as provided for in 17 U.S.C. §§ 501, *et seq.* Additionally, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) in that this is a civil action between a citizen of Wyoming and citizens of New York, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.   This Court has personal jurisdiction over Defendants because Defendants reside in New York and regularly transact business in the State of New York, specifically, but not limited to, maintaining an active office in New York and offering AI agent services in the State of New York and to the citizens of New

York, including a website containing the disputed content that is the subject of this action.

5. Upon information and belief, Defendants also regularly solicit business in New York, and Defendants entered into and breached the contract at issue in this case in the State of New York, which caused B2B Rocket to suffer damages.

## VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, or, alternatively, under 28 U.S.C. § 1391(b)(3), in that Defendants are subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## PARTIES

7. Plaintiff B2B Rocket, LLC is a limited liability company formed under the laws of Wyoming and does business in Wyoming. The Wyoming artificial intelligence company specializes in providing artificial intelligence agents and related services to help other businesses focus on what is important.

8. Upon information and belief, Kalendar is a Delaware corporation with a registered agent address of the Corporation Trust Company, Corporation Trust

Center 1209 Orange St., New Castle, Delaware 19801 and with active offices

operating in multiple states, including New York. Upon information and belief,

Defendant Kalendar is registered as a foreign business corporation in New

York with an office located at 450 Lexington Ave., New York, NY 10017 and its

registered agent is located at 418 Broadway Ste. R , Albany, New York 12207.

9. Upon information and belief, Defendant Mr. Vadrevu is an individual residing

in the State of New York, and is a shareholder, officer and director of Kalendar.

**FACTS**

10. B2B Rocket has been engaged in the business of leveraging artificial

intelligence to develop tailor-made AI agents that help other businesses

automate various aspects of their respective businesses and is emerging as one

of the leading artificial intelligence agent companies in the industry.

11. As part of its business, B2B Rocket enters into agreements with third parties to

outsource various services, including advertising and marketing services.

12. B2B Rocket and Defendants entered into a Services Agreement (the

"Agreement") on 23 October 2023, to settle past disputes and establish future

business interaction guidelines. This included a mutual release of past issues.

(Ex. 1, Services Agreement.). This agreement emphasized that both parties

would respect each other's rights, including intellectual property rights, and

that no legal actions would be pursued for past issues up to the agreement's date. (*See id*.).

13. Despite the Agreement, Defendant engaged in activities that constitute a breach, including, among other things, assisting in marketing B2B Rocket, having acknowledged that B2B Rocket is a competitor, prior to signing the Agreement.

14. After signing the Agreement, Defendants contacted B2B Rocket, proposing to provide marketing services to B2B Rocket and suggesting meetings with more clients.

15. B2B Rocket's website language has remained consistent and unchanged since before the Agreement.

16. The "No Copy" clause of the Agreement was violated by Defendants' actions, copyright the Copyrighted Works and other copyrighted content owned by B2B Rocket, including, without limitation, copyrighted content on B2B Rocket's website.

17. Awareness of the AI industry's landscape was known to both parties even prior to entering the Agreement dated 23 October 2023.

18. Both parties operate in a rapidly evolving and competitive AI industry.

## CAUSES OF ACTON

19. B2B Rocket repeats and realleges each and every paragraph above as if fully set forth herein.

## CAUSE OF ACTION I: BREACH OF CONTRACT

20. The allegations set forth above are incorporated herein by reference. This claim is made both cumulatively and in the alternative to the other claims made herein.

21. As discussed above, B2B Rocket has a direct contractual relationship with Defendants by virtue of the Agreement entered into by the parties on 23 October 2023.

22. Defendants breached the Agreement.

23. More specifically, Defendant's actions, as detailed above, constitute a breach of the Agreement in the following ways: (i) Defendants violated the "No Copy Clause" by adopting similar PPC strategies without the express written permission of B2B Rocket, constituting direct and indirect copying, reproducing, and distributing of B2B Rocket's proprietary marketing strategies, in violation of Section 11.1 of the Agreement, which strictly prohibits such actions without explicit consent;[1] (ii) Despite the mutual commitment to a

---

[1] (*See* Ex. 1, Services Agreement, Section 11.1.)

cooperative relationship as stipulated in Section 10.5 of the Agreement,
Defendants' post-settlement actions demonstrate a clear departure from this
commitment, including, without limitation, their engagement in marketing
strategies directly competing with B2B Rocket and their subsequent false
claims of infringement;[2] (iii) the Agreement, in Section 10, specifically outlines
the settlement of all past disputes and releases each party from past claims up
to the Agreement's execution date and Defendants' actions and claims post-
settlement contradict this settled understanding, suggesting an intentional
disregard for the settled terms and conditions.[3]

24. As a result of Defendants' breach of the Agreement, B2B Rocket was damaged
and suffered substantial monetary and non-monetary losses.

25. Defendants' have failed to cure their breach and failed to compensate B2B
Rocket for its losses caused by Defendants' breach of the Agreement.

26. Defendants have been unjustly enriched as a result of their improper conduct.

27. By reason of the foregoing, Defendants are liable in the amount of at least
$20,340,250 plus interest, attorneys' fees and costs, and a declaration that
Defendants breached the Agreement.

---

[2] (*See id*., at Section 10.5.).

[3] (*See id*., at Section 10.).

## CAUSE OF ACTION II: TORTIOUS BREACH OF CONTRACT

28. The allegations set forth in each paragraph above are fully incorporated herein by reference.

29. This claim is made both cumulatively and in the alternative to each of the other claims made.

30. B2B Rocket has a direct contractual relationship with Defendants by virtue of the Agreement.

31. Defendants' actions amount to much more than a simple breach of contract.

32. Defendants' are guilty of tortious breach of the Agreement by failing to properly and honestly compensate B2B Rocket under the terms of the Agreement and intentionally attempting to completely disregard the terms of the Agreement.

33. Defendants' tortious acts were performed intentionally, maliciously, and with utter disregard to the express rights of B2B Rocket. Defendants should pay, in addition to actual damages, punitive damages as a method of punishing Defendants to deter similar improper behavior by others.

## CAUSE OF ACTION III: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

34. The allegations set forth in each and every paragraph above are fully incorporated herein by reference.

35. B2B Rocket entered into a contract with and paid money to Defendants pursuant to the terms of the Agreement.

36. Defendants breached the contract and violated the terms of the Agreement. By doing so, Defendants did not act fairly and did not act in good faith.

37. B2B Rocket was harmed by Defendants' breach of the Agreement and by Defendants' failure to honor the terms of the Agreement.

## CAUSE OF ACTION IV: TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

38. The allegations set forth in each and every paragraph above are fully incorporated herein by reference.

39. B2B Rocket has valid contracts with numerous clients and B2B Rocket has a reasonable expectation of prospective beneficial economic relations with numerous existing clients and potential clients above and beyond its present contracts with such clients.

40. In addition, B2B Rocket has numerous contracts with professional clients; these clients expect that the services they have purchased from B2B Rocket enable the professional clients to enjoy the use of the said services as expected.

9

41. The terms of the contracts and expectations of existing and future economic relations, as described above, are valuable to B2B Rocket and its clients and form the basis of their business with one another.

42. Defendants' intentional wrongful acts, as described above, have been taken with the intent, knowledge, and reason to know that such acts would interfere with, disrupt, and damage the business relationships between B2B Rocket and its clients.

43. Such acts have, in fact, interfered with, disrupted, and damaged such relationships, and constitute tortious interference with the business relationships between B2B Rocket and its clients.

44. Defendants acted in bad faith and engaged in unfair business practices post-Agreement, causing significant harm to B2B Rocket's business operations and reputation due to Defendants' bad faith and unfair business practices.

45. Furthermore, Defendants caused substantial damage to B2B Rocket's investor relations and B2B Rocket's valuation. More specifically, Defendants' tortious and fraudulent conduct caused B2B Rocket to suffer damages totaling more than $20,340,250 due to the substantial harm to B2B Rocket's investor relations and a significant loss in company valuation due to Defendants' actions.

46. As a result of the tortious interference with business relationships as described above, B2B Rocket is entitled to damages in an amount to be proven at trial including but not limited to actual damages, costs and attorney's fees, and prejudgment interest.

## CAUSE OF ACTION V: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

47. The allegations set forth in each and every paragraph above are fully incorporated herein by reference.

48. The conduct of Defendants constitutes interference with prospective economic advantage. By virtue of the misconduct alleged above, Defendants have knowingly interfered with Plaintiff's exclusive rights to engage in the sale, licensing and exploitation of the Copyrighted Works that have been willfully misappropriated by Defendants.

49. Defendants' interference is not only wrongful, it is also fraudulent in that it, among other things, allows Defendants to hold themselves out as having the ownership of Copyrighted Works that they do not own, or having the right or authority to exploit Copyrighted Works, and collect revenues from such exploitation, when in fact they have no such right or authority.

50. As a proximate result of the wrongful and knowing interference by Defendants in the business of Plaintiff, Plaintiff has lost—and will continue to lose—substantial income.

51. The wrongful and knowing interference by Defendants with the business of B2B Rocket was malicious, fraudulent, and oppressive, and undertaken in conscious disregard of B2B Rocket's rights. B2B Rocket is therefore entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants and deter them from similar conduct.

**CAUSE OF ACTION VI: UNJUST ENRICHMENT**

52. The allegations set forth in each and every paragraph above are fully incorporated herein by reference.

53. B2B Rocket asserts a claim for unjust enrichment in the alternative and as a supplement to each of their other claims.

54. B2B Rocket has been damaged and Defendants have been unjustly enriched as a result of its improper actions and intentional breach of the Agreement.

55. Defendants have realized substantial monetary gain and benefit from appropriating and interfering with the business opportunities of Plaintiff, including without limitation collecting revenue from the commercial

exploitation of the Copyrighted Works which are either owned by Plaintiff, or to which Plaintiff maintains exclusive rights.

56. Defendants have been unjustly enriched to the damage, detriment and exclusion of B2B Rocket in a total amount which is presently unascertained and to the extent Defendants benefited from the use of such value and economic advantage and money that rightfully should have been paid to B2B Rocket.

57. It would be fundamentally unjust and unfair to allow Defendants to retain the benefits they received in such manner, and all such money should be paid to B2B Rocket.

## CAUSE OF ACTION VII: FRAUD (ACTUAL AND CONSTRUCTIVE) AND DECEIT

58. The allegations set forth in each and every paragraph above are fully incorporated herein by reference.

59. This claim is made both cumulatively and in the alternative to each of the other claims made.

60. Defendants secretly and knowingly acted in contradiction to the terms of the Agreement without the knowledge of B2B Rocket.

61. Defendants' inconsistent enforcement of the Agreement and contradictory claims regarding B2B Rocket's alleged infringement, among other things,

constitute fraud and deceit, specifically including the explicit admission by Defendants to adopt similar PPC strategies, directly infringing B2B Rocket's intellectual property rights.

62. Both Defendants and B2B Rocket were aware of the AI industry landscape before entering the Agreement, and the widespread development in the AI industry indicates a common practice of developing competing software solutions.

63. Defendants also made false representations and promises during the contractual engagement and post-settlement period, including assurances of non-infringement of intellectual property and adherence to the "No Copy" clause of the Agreement dated. (*See* Ex. 1, Services Agreement, Sections 10-11.). Despite these assurances, Defendants engaged in actions contrary to these representations, constituting willful and intentional misrepresentation. (*See id*.).

64. B2B Rocket significantly relied on the representations and assurances provided by Defendants, which has resulted in substantial harm. B2B Rocket's reliance, rooted in the presumption of a secure and non-infringing collaborative relationship, influenced the B2B Rocket's business decisions, leading to detrimental outcomes. The Agreement's promise of confidentiality and trust was a key factor in this reliance. B2B Rocket, operating under the belief that

their collaborative relationship was secure and free from infringement concerns, shared detailed information about its advertising progress, and growth with Defendants. This information was divulged in good faith, based on mutual understandings and assurances within the Agreement.

65. However, this trust was breached by Defendants, who exploited the information in bad faith. Utilizing the insights gained from the B2B Rocket's disclosures, Defendants hastily concocted false and fraudulent claims of copyright infringement. This misconduct not only violated the trust and confidentiality integral to the Agreement but also constituted a deliberate misuse of sensitive business information. The reliance on the Defendants' false assurances and the subsequent betrayal of this trust culminated in business decisions that were significantly harmful to B2B Rocket. This sequence of actions by Defendant is indicative of willful and intentional misrepresentation, designed to undermine B2B Rocket's business operations and inflict substantial harm.

66. Upon information and belief, Defendants were aware of the falsity of their representations, as indicated by the ongoing infringement and the abrupt change in their stance after realizing the B2B Rocket's growth, showing an intentional effort by Defendants to deceive and cause harm to B2B Rocket.

67. Defendants' were actively involved in and support marketing B2B Rocket's services, demonstrating Defendants' implicit acceptance and approval of B2B Rocket's marketing strategies.

68. The "No Copy" clause of the agreement expressly prohibits either party from copying or reproducing the other's product without written permission.

69. Defendants' actions, shows active involvement in promoting B2B Rocket's services.

70. Defendants sent these false and misleading statements to B2B Rocket with the intent that B2B Rocket rely on those false statements. Defendants knew B2B Rocket had no choice but to rely on Defendants' false statements. And, B2B Rocket did, in fact, rely on Defendants' false statements thereby causing B2B Rocket to suffer substantial damages.

## CAUSE OF ACTION VIII: COPYRIGHT INFRINGEMENT

71. The allegations set forth in each and every paragraph above are fully incorporated herein by reference.

72. B2B Rocket owns the copyright, exclusive rights under copyright or accrued causes of action to the represented Copyrighted Works with respect to the use, display, reproduction, and distribution at issue in this action. B2B Rocket also

has the exclusive right to represent the Copyrighted Works of its employees and contractors, including the right to enforce their copyrights.

73. Defendants have reproduced, displayed, distributed, or otherwise copied the represented Copyrighted Works without B2B Rocket's license or authorization. Defendants specifically admitted to adopt virtually identical PPC strategies as B2B Rocket's, constituting a direct infringement of B2B Rocket's intellectual property rights.

74. Defendants explicitly discussed their intention to adopt marketing strategies identical to those of the B2B Rocket, demonstrating a clear intention to replicate and use B2B Rocket's proprietary strategies.

75. The actions and conduct of Defendants as described above, without B2B Rocket's authorization or consent, infringe upon the exclusive rights granted to B2B Rocket under 17 U.S.C. § 106 to display, reproduce and distribute to the public the represented Copyrighted Works.

76. Such actions and conduct constitute copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 501.

77. As a direct and proximate result of the copyright infringement described above, B2B Rocket is entitled to the full statutory relief available to it, including, but not limited to the following: (1) ordering Defendants to account and pay as

damages to B2B Rocket all profits and advantages gained from unfair trade practices and unfair competition in infringing B2B Rocket's intellectual property, including, without limitation, actual damages, statutory damages, profits of the Defendants, statutory costs and attorneys' fees, and prejudgment interest; (2) an injunction enjoining Defendants and their agents from disposing of any copies of the infringing works by sale or otherwise; and (3) an order directing Defendants to deliver for impoundment all copies of the infringing content in their possession or control and deliver for destruction all unlawful copies and all computers and other means by which such copies may be reproduced, and to an order for the destruction of such materials, and (4) ordering Defendants to pay B2B Rocket's interest, costs and disbursements, and its reasonable attorney's fees incurred in this proceeding.

78. B2B Rocket has no adequate remedy at law for, and is being irreparably harmed by, Defendants infringement of copyrights and exclusive rights under copyright as set forth above, and such harm will continue unless Defendants are enjoined by this Court. Pursuant to 17 U.S.C. § 503, B2B Rocket is entitled to preliminary and permanent injunctions prohibiting further infringement of the represented Copyrighted Works.

**CAUSE OF ACTION IX: DEFAMATION**

79. The allegations set forth in each and every paragraph above are fully incorporated herein by reference.

80. B2B Rocket re-alleges and incorporates herein by reference all preceding paragraphs.

81. Defendants willfully and maliciously made false and defamatory statements, including its fraudulent conduct to third parties, regarding B2B Rocket, significantly harming the reputation of B2B Rocket and its respective members. Furthermore, Defendants falsely accused B2B Rocket of infringing content that was in fact owned by B2B Rocket, causing substantial harm to B2B Rocket's profressional reputation, among other things.

82. Defendants' statements were made with the intent to defraud and were knowingly false at the time they were made.

83. Defendants' statements were published, either orally or through electronic communication, to a third party or parties.

84. As a direct and proximate result of the Defendants' defamatory statements, B2B Rocket has suffered significant harm to its reputation.

85. Defendants' statements constitute defamation.

86. Defendants' statements were false, made with malicious intent, and caused significant damage to B2B Rocket.

87. B2B Rocket is entitled to compensatory damages in the amount of $20,340,250, along with any further relief this Court deems just and proper for the substantial harm caused by Defendants' defamation.

## CAUSE OF ACTION X: UNFAIR COMPETITION

88. Defendants are engaged in the business of designing, developing, selling, and distributing services leveraging artificial intelligence as tailor-made agents for various business across a wide array of industries, and as such are direct competitors of B2B Rocket.

89. Defendants' attempted to prevent B2B Rocket from controlling and profiting from the unique, creative content and innovative strategies created by B2B Rocket at its own cost and expense, is a wrongful attempt by Defendants to misappropriate the skill, expenditures and labor of B2B Rocket and to wrongfully prevent it from being a competitor.

90. The knowing, deliberate and willful use of the content and strategies belonging to B2B Rocket, without B2B Rocket's knowledge, license or consent, constitutes commercial piracy, and by virtue thereof Defendants have acted in an unethical and commercially inappropriate manner.

91. By virtue thereof Plaintiff has suffered damage and sustained injury in an amount to be determined at the trial of this action, but reasonably believed to be no less than $20,340,250.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** B2B Rocket respectfully requests judgment against Defendants as follows:

1. Declaring the Agreement as valid and declaring that B2B Rocket adhered to the terms of the Agreement at all times;

2. Adjudging that Defendants materially breached the Agreement;

3. Granting an injunction preliminarily and permanently enjoining Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from further breaching the Agreement;

4. Declaring that B2B Rocket is not infringing any intellectual property or trade secrets owned by Defendants' and that Defendants' allegations of infringement based on the Agreement are frivolous and without merit;

5.  An award of actual monetary damages in an amount to be proven at trial and ordering Defendants to account and pay damages adequate to compensate B2B Rocket for Defendants' breach of the Agreement, including for any acts not presented at trial and pre-judgment and post-judgment interest and costs;

6.  Ordering an accounting for any sales or financial information not presented at trial and an award by the court of additional damages for any such damages;

7.  Granting an injunction preliminarily and permanently enjoining Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from further defaming B2B Rocket or otherwise causing harm to B2B Rocket;

8.  Ordering Defendants to account and pay damages adequate to compensate B2B Rocket for the harm caused by Defendants' defamation of B2B Rocket in amount not less than $20,340,250;

9.  Granting an injunction preliminarily and permanently enjoining Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from further interfering with any of B2B Rocket's existing or prospective business relationships;

10. Ordering Defendants to account and pay damages adequate to compensate B2B Rocket for the harm caused by Defendants' actions that harmed B2B Rocket's contractual relationships and prospective economic advantages, including its investor relations and company valuation for an amount not less than $20,340,250;

11. On the infringement action, for an award of Defendants' profits and for damages in such amount as may be found; alternatively for maximum statutory damages in the amount of up to $150,000 with respect to each work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504; and for an order preliminarily and permanently enjoining Defendants, their officers, agents, employees, and all persons acting in concert with them, from infringing the B2B Rocket's Copyrighted Works pursuant to 17 U.S.C. § 502; for an order seizing and destroying the infringing materials and source thereof; and for an award of costs and attorneys fees pursuant to 17 U.S.C. § 505.

12. Declaring that Defendants' actions as intentional and willful and ordering that the damages award be increased up to three times the actual amount assessed;

13. Declaring that Defendants' actions as malicious and ordering that Defendants pay punitive damages;

14. Declaring this case exceptional and awarding B2B Rocket its reasonable attorney fees and costs in this action;

15. Ordering that Defendants pay pre-judgment and post-judgment interest on the damages assessed; and

16. Awarding such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL:** Pursuant to Federal Rule of Civil Procedure 38(b), B2B Rocket hereby demands a trial by jury on all issues triable to a jury.

**Dated**: 12 February 2024

**Respectfully submitted**,

By: /s/Margaret Farid
Margaret Farid
NY Bar No.: 5611777
Farid Roy LLP
206 Jericho Turnpike, 2 FL
Floral Park, NY 11001
646.243.6680
mfarid@royfarid.com

-and-

Casey Scott McKay
TN Bar No.: 034028
MC Law, PLLC
1441 U St. NW, Suite 102
Washington, DC, D.C. 20009
202.743.1972
casey@mclaw.io
*Application for Pro Hac Vice Pending*

*Attorneys for Plaintiff B2B Rocket, LLC*

# EXHIBITS

Exhibit 1, Services Agreement

**EXHIBIT 1**

**SERVICES AGREEMENT**