

**Nicole A. Sullivan**

7 Times Square, Suite 2900 | New York, NY 10036-6524
Direct 212.631.4420 | Fax 212.631.4429
sullivann@whiteandwilliams.com | whiteandwilliams.com

April 29, 2024

**Via E-Filing**

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

> The motion for a preliminary injunction is DENIED without prejudice. Both sides agreed that discovery was needed for the resolution of any motion for injunctive relief, and the Court set a schedule for that discovery. *See* Dkt. 28. While that schedule contemplated that the motion would be filed in advance of the discovery, it is clear that this makes no sense. Defendant just filed the (deficient) motion it originally submitted, and because it precedes the discovery even Defendant agrees would be needed, the motion fails to address what the factual record shows. For this reason, the Court believes that it makes most sense for the motion to be re-filed after expedited discovery takes place, and the delay of a month is not significant.
>
> Defendant may file its motion on May 31, 2024. Any response is due on or before June 14, 2024, and a reply may be submitted on or before June 21, 2024. A hearing will be held on June 27, 2024 at 1 PM in Courtroom 15A, 500 Pearl Street, New York, NY 10007.
>
> Defendant is advised that its motion **must** address the proper standards for preliminary injunctive relief and explain why the facts and law support its entitlement to relief in this case. It must also follow the Court's individual practices for sealing and redacting sensitive information, and must furnish Plaintiff and the Court with the unredacted copies of any filings.
>
> The Clerk of Court is directed to terminate the motion at ECF Nos. 34 and 36.
>
> SO ORDERED.
>
> *[signature]*
>
> Arun Subramanian, U.S.D.J.
> Date: May 1, 2024

**RE**:   *B2B Rocket, LLC and Noah Loul v. Kalendar, Inc.. 24-cv-1063*

Dear Judge Subramanian:

Pursuant to the Court's order of April 24, 2024 (ECF No. 39), Plaintiffs B2B Rocket LLC ("B2B") and Noah Loul ("Loul") (collectively "Plaintiffs") and Defendant Kalendar Inc. ("Kalendar" or "Defendant") submit the following joint letter.

### I.   Procedural Background

On February 13, 2024, Plaintiff filed its complaint in the above-captioned matter (the "First Action"). ECF No. 1. On February 22, 2024, Defendant filed -without answering the Complaint- its counterclaims along with exhibits. ECF No. 5. Shortly thereafter, on February 26, 2024, Defendant filed a motion for preliminary injunction. ECF Nos. 12-15.

The Court held a teleconference on February 29, 2024 to discuss the parties' filings and the request for oral argument on the motion for preliminary injunction. *See* ECF No. 26. Following the February 29 conference, this Court issued an order denying Defendant's motion for preliminary injunction without prejudice and requiring the parties meet and confer about a proposed schedule for further proceedings in this case. *(Id.)* The parties submitted a joint letter on March 8, 2024, setting a deadline for filing amended pleadings by March 29 and April 19 as the deadline to file any response to the complaint and motions for preliminary injunction. (ECF No. 27).

On March 29, Plaintiffs filed their Amended Complaint. (ECF No. 29). In response, on April 19, Defendant filed a motion to dismiss (ECF Nos. 30-31). At the same time, Defendant file a second action 1:24-cv-02922, (the "Second Action") against Plaintiffs and others alleging claims substantially similar to its originally filed counterclaim.

Hon. Arun Subramanian
April 29, 2024
Page 2

On April 24, 2024, this Court issued an Order [ECF 39] wherein it ordered the parties to: discuss the limited discovery necessary for motions for injunctive relief and to prepare a joint letter indicating why a motion for preliminary injunction was filed in the present matter and discussing any procedural issues with the later-filed case.

The parties submit their respective responses to this Court's inquiries below.

**II.     Issues that the Honorable Court Directed Counsel to Address**

    A. *Procedural Issues with Later-Filed Case*
       1. *Plaintiffs' Position*

The Second Action consists of compulsory counterclaims under Fed. R. Civ. P. 13 that were required to be brought – if at all - in the First Action. Rule 13(a) requires a pleading to state as a counterclaim any claim that arises out of the "transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). Defendant concedes that the claims raised in the Second Action arise out of the same core set of facts as the First Action. That complaint references the First Action, saying "[t]he filing of a Counterclaim in that action may be premature pending the resolution of a Motion to Dismiss …" *Id*. Dkt. 1:24-cv-02922 No. 1, ¶ 57.  Defendant further states that it will seek to consolidate the actions *id*. and ultimately sought consolidation of what it coined as the two related actions. Even without this concession, it is plain on the face of the pleadings that the Second Action complaint is actually a compulsory counterclaim given that the claims arise out of breaches of the same contract. *See Skyline Steel, LLC v. Pilepro, LLC*, 2015 U.S. Dist. LEXIS 27436, 2015 WL 999981, at *5 (S.D.N.Y. Mar. 5, 2015) ("Courts have consistently found that counterclaims based on a contract are compulsory in actions relating to the same contract").  Accordingly, those claims could only have been properly brought in the First Action, so the Second Action was an improperly filed exercise in claim-splitting and should be dismissed. *Bezuszka v. L.A. Models, Inc*., 2006 U.S. Dist. LEXIS 13620, 2006 WL 770526, at *18 (S.D.N.Y. Mar. 24, 2006) ("Because we agree that Miller's claims were compulsory counterclaims in the earlier action, we dismiss them as barred by Rule 13"); *AT & T Corp. v. Am. Cash Card Corp*., 184 F.R.D. 515, 519 (S.D.N.Y. 1999).

Defendant's failure to bring the compulsory counterclaims in the First Action operates as a waiver and those claims should be dismissed with prejudice. *See Southern Constr. Co. v. Pickard*, 371 U.S. 57, 60 (1962) ("Rule 13(a) bars a party who fails to assert a compulsory counterclaim in one action from instituting a second action in which that counterclaim is the basis of the complaint"); *Bezuszka v. L.A. Models, Inc*., 2006 U.S. Dist. LEXIS 13620, 2006 WL 770526, at *18 (S.D.N.Y. Mar. 24, 2006) ("Because we agree that Miller's claims were compulsory counterclaims in the earlier action, we dismiss them as barred by Rule 13"); *Branded Apparel Group LLC v. Muthart*, 2018 U.S. Dist. LEXIS 153937, 2018 WL 4308545 at *12 (S.D.N.Y. Sep. 10, 2018) (dismissing later-filed claims where "based on this record, it is clear that Branded deliberately sought to circumvent this Court's scheduling order by filing a state-court action against Muthart").

Hon. Arun Subramanian
April 29, 2024
Page 3

The procedural gamesmanship that Defendants have engaged in here should not be and cannot be countenanced by this Court. Defendants could have answered and counterclaimed in the First Action and then moved for judgment on the pleadings pursuant to Rule 12(c). In the alternative, if Defendants wanted to move to dismiss the First Action, then they could have waited for its resolution and -- if denied -- then filed the answer and counterclaims.  Instead, and contrary to this Court's direction during the February 29 conference and subsequent Order, Defendants have improperly pled their compulsory counterclaims in the Second Action, and their decision to engage in such blatant gamesmanship cannot be permitted, as in *Branded Apparel Group LLC*. 2018 U.S. Dist. LEXIS 153937, 2018 WL 4308545 at *14 ("The bottom line is that Branded had every opportunity and incentive under the schedule the Court (with the parties' consent) had set to bring its claims against Muthart. For whatever reasons, it chose not to do so. The Court will not reward Branded's inattention or its subsequent gamesmanship. Accordingly, this case, Branded's against Muthart, is properly dismissed").

### 2. *Defendant's Position*

*The Defendants' position* is that they have learned a stand-alone Counterclaim is not admissible, but must accompany a "Pleading", and that a Motion to Dismiss does not qualify as a "Pleading" for these purposes, *See generally Russian Sch. of Mathematics, Inc. v. Sinyavin*, No. 23-CV-08103, 2023 U.S. Dist. LEXIS 188622, at *10 (S.D.N.Y. Oct. 18, 2023)(collecting cases and confirming that a standalone counterclaim cannot be filed as its own pleading).

Defendants therefore filed a new action *Kalendar Inc. v. Loul, et al.*, 1:24-cv-2992 (S.D.N.Y.) and moved to consolidate for administrative simplicity.  Defendants position is that the two actions can proceed separately down their own tracks – briefing on the Motion to Dismiss in the first case, the Motion for a Preliminary Injunction on the second case.

## B. Conduct of Discovery

### 1. *Plaintiffs' Position*

The original scheduling order permitted the parties to engage in limited discovery related to any properly filed motion for preliminary injunction. Here, there is no properly filed preliminary injunction motion because Defendant does not have any claims pending in the First Action as discussed in detail above. Thus, there is no basis to conduct any discovery at this juncture.

### 2. *Defendants' Position*

*The Defendants' Position* is that the Preliminary Injunction is moving forward either as part of the consolidated 1:23-cv-1063, or separately in the 1:23-cv-08103 case.  But in either event, the so-Ordered briefing schedule applies to the renewed Motion.

## C. Defendant's Explanation of The Re-Filing of the Motion for Preliminary Injunction

### 1. *Defendants' Position*

The Defendants' position is that procedurally, it was and remains undefined if the mirrored claims will move along as a consolidated case, or as two separate action. On the expectation that the matter will be consolidated (as noted on the docket by Clerk as "related"), we re-filed the Motion for a Preliminary Injunction to set a flag in the ground of what the Motion is about and to inform the scope of Discovery. But if the Court prefers, we can refile the Motion for a PI in 1:23-cv-08103 and proceed pursuant to the same scheduling order.

### 2. *Plaintiffs' Position*

Defendant's motion for preliminary injunction is not properly filed in the First Action because they have no pending claims therein, and thus, cannot meet any of the elements necessary to obtain a preliminary injunction including likelihood of success. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (noting that before granting a preliminary injunction, must establish "likelihood of success on the merits, irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

Defendants' efforts to take advantage of the scheduling order in the First Case to address a preliminary injunction that they should have filed – if at all -- in the Second Action is simply more gamesmanship. In fact, Defendant concedes that its Request for Preliminary Injunction is relevant only to its improper filing of the Second Action. ECF No. 37 p. 1 ("On the basis of the Complaint [under a separate case number], the Affidavit in Support and the Argument here, Kalendar Inc.'s [sic] respectfully seeks a preliminary injunction …").[1]

Even if filed in the Second Action, the motion for preliminary injunction would still be improperly filed because Plaintiffs (and the other named parties) have not been served in the Second Action and have not had an opportunity to respond. *See Bright v Annucci*, No. 18-cv-11111 (NSR), 2019 U.S. Dist. LEXIS 43976, 2019 WL 1236337 at *5 (S.D.N.Y. Mar. 18, 2019) (denying motion for preliminary injunction because "[d]efendants have not yet had the opportunity to file answers, so it is very difficult to determine whether Plaintiff has a clear or substantial likelihood of success").

### III. Conclusion

The parties thank the Court for its attention to these matters, and counsel will remain available to further address any issues or questions that the Court may pose.

Respectfully submitted,

---

[1] Notably, Defendants' motion for preliminary injunction is almost identical, nearly word for word, to its original motion for preliminary injunction. Compare ECF No. 37 with 14. Plaintiffs note that they have never been served with the unredacted motion or its accompanying exhibits.

Hon. Arun Subramanian
April 29, 2024
Page 5


*/s/ Nicole A. Sullivan*
Nicole A. Sullivan

cc: All counsel of record (*via* ECF)